UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PETER SZANTO, )<br>)<br>      Plaintiff, )<br>)<br>  v. )<br>)<br>MARINA MARKETPLACE 1, LLC et al., )<br>)<br>      Defendants. )<br>_____) | 3:11-cv-00394-RCJ-VPC<br><br>ORDER |

This case arises out of the alleged breach of fiduciary duties of Plaintiff's brother: a co-beneficiary and co-trustee of family trusts. Pending before the Court are Motions to Dismiss (ECF Nos. 65, 83) and a Motion for Declaratory Judgment (ECF No. 80). For the reasons given herein, the Court denies the motions.

I.   **FACTS AND PROCEDURAL HISTORY**

Plaintiff Peter Szanto and his brother Victor Szanto are beneficiaries and co-trustees of various Szanto family trusts (the "Trusts"). (*See* V. Am. Compl. ¶¶ 9, 15–16, Oct. 8, 2013, ECF No. 17). Defendants Marina Marketplace 1, LLC ("MM1") and Marina Marketplace 2, LLC ("MM2") are Nevada limited liability companies whose sole members are Victor and his wife Eyve. (*See id.* ¶¶ 10–11, 17–18). Victor and Eyve formed MM1 and MM2 ten days after Peter's and Victor's mother, Klara Szanto, passed away on December 2005. (*Id.* ¶¶ 19–19).[1] After Klara's death, Victor

---

[1] The Verified Amended Complaint lists two paragraphs numbered "19." (*See id.* 3:12–16).

and Eyve overpowered the freewill of their father, Paul Szanto, in order to gain control of the Trusts. (*Id.* ¶¶ 20, 31). Victor and Eyve used their control over the Trusts to purchase real property (the "Real Property") in Nevada that now belongs to Defendants MM1 and MM2. (*Id.* ¶ 21). Plaintiff alleges that the purchases of the Real Property were made via "fraudulent transfers" of assets from the Trusts. (*See id.* ¶¶ 23, 32). Plaintiff also alleges that Victor breached his fiduciary duty as trustee of the Trusts to obtain at least $3 million to purchase the Real property for the Defendants he controls, and thus ultimately for his own benefit. (*Id.* ¶ 30). Plaintiff also alleges that Victor Szanto "loot[ed]" Paul Szanto's personal property worth at least $4 million, which may now also belong to Defendants MM1 or MM2. (*See id.* ¶¶ 33–33).[2]

The affidavit Plaintiff attaches to the Verified Amended Complaint ("VAC") helps to explain the source of the present family feud. Plaintiff attests that before their mother Klara died, Victor induced Plaintiff's son to sue Plaintiff in state court in California for the alleged failure to turn over certain gifts made to Plaintiff's son by others during Plaintiff's son's childhood. (*See* Peter Szanto Decl. ¶¶ 2–4, Oct. 6, 2013, ECF No. 17, at 13). Plaintiff prevailed in those actions, but in the meantime Victor and Eyve allegedly overpowered Paul's freewill in order to abscond with the Trusts' assets. (*See id.* ¶ 6). Plaintiff attests that Victor and Eyve conspired with one another to keep the 86-year-old Paul "permanently drugged, confused and away from all means of communication with anyone other than [themselves." (*See id.* ¶ 8; V. Am. Compl. ¶ 30). Victor induced Paul to sign a $3 million deed of trust. (*See* Peter Szanto Decl. ¶ 11).

Plaintiff sued Defendants MM1 and MM2 *in pro se* in this Court in diversity. The Clerk entered default against both Defendants, and Plaintiff asked the Court to enter default judgment. The Court denied the motion, because the Complaint as filed was not sufficient to support a claim. That is, page three of the Complaint was missing, and it appeared that crucial allegations concerning the alleged wrongdoing, i.e., fraudulent transfer, were contained on that page in missing paragraphs numbers fourteen through eighteen. The Court ruled that Plaintiff must file an amended complaint that included the relevant allegations and must attempt to serve that amended complaint upon

---

[2] The Verified Amended Complaint lists two paragraphs numbered "33." (*See id.* 7:2–10).

Defendants. Defendant Marina Marketplace 2, LLC then filed a Motion to Set Aside Clerk's Default (ECF No 16), which the Court granted because Plaintiff did not timely respond and because the Complaint was insufficient to state a claim. The Court also ordered Plaintiff to show cause why the Complaint should not be dismissed for lack of subject matter jurisdiction because there was doubt as to complete diversity of the parties.

Plaintiff filed the VAC for fraudulent transfer, requesting the freeze of Defendants' assets, the appointment of a receiver for Defendants, the establishment of a constructive trust in Defendants' assets and eventual specific performance to transfer those assets to Plaintiff, as well as compensatory and punitive damages. MM2 moved to dismiss the VAC based on:(1) lack of subject matter jurisdiction, i.e., lack of complete diversity; (2) insufficient service of process; and (3) the statute of limitations. Plaintiff filed two motions to stay, as well as a motion to recuse. The Court denied all of those motions. As to the motion to dismiss, the Court found that a preponderance of the evidence available supported Plaintiff's assertion of complete diversity, that although Defendants had not yet been properly served, there remained time to serve them, and that the running of the statute of limitations was not evident on the face of the VAC and that the discovery doctrine could apply in the present case.

Plaintiff filed the Second Amended Complaint ("SAC"), adding Victor and Evye as Defendants. The magistrate judge later dismissed several pending motions, including Victor's Motion to Dismiss (ECF No. 52) based on insufficient service of process, because Plaintiff had no standing to maintain the case while in Chapter 7 bankruptcy. Plaintiff later obtained leave from the bankruptcy court to proceed here, upon which leave the parties filed several motions, including a motion by Victor to renew his previous Motion to Dismiss (ECF No. 52). In response, Plaintiff filed the present Motion for Declaratory Judgment (ECF No. 80), asking the Court to declare that service on Victor was proper.

## II. DISCUSSION

The Court denies the renewed motions to dismiss for insufficient service of process. MM1 and MM2 could not succeed on such a motion, because they made general appearances via their previous motion to dismiss the VAC when they included arguments to dismiss the VAC based upon

3

lack of subject matter jurisdiction and the statute of limitations.  Victor and Evye, however, were first named in the SAC (upon the Court's suggestion that without joining them no claim could lie in this case).  They have made no general appearances.  Still, as with the previous motions, there remained time to serve the SAC when movants filed their motions.  The SAC was filed on December 17, 2013.  One-hundred and twenty days from that date is April 16, 2014.  On April 15, 2014, Plaintiff filed declarations of personal service upon Eyve and Victor made by a professional process server.  (*See* ECF Nos. 89, 90).  Service therefore appears to have been timely made.  The Court denies the motion for declaratory judgment as to proper service of the SAC.  That legal issue is not appropriate for judgment.

## CONCLUSION

IT IS HEREBY ORDERED that the Motions to Dismiss (ECF Nos. 65, 83), and the Motion for Declaratory Judgment (ECF No. 80) are DENIED.

IT IS FURTHER ORDERED that the Motion for Extension of Time (ECF No. 81) is DENIED as moot.

IT IS FURTHER ORDERED that the Motions for Entry of Clerk's Default (ECF Nos. 61, 82) are DENIED.  At least two Plaintiffs have only recently been properly served.

IT IS SO ORDERED.

DATED: This 17th day of April, 2014.

_____
ROBERT C. JONES
United States District Judge