UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PETER SZANTO,                              )
                                           )
        Plaintiff,                        )
                                           )
   v.                                      )   3:11-cv-00394-RCJ-VPC
                                           )
                                           )   **ORDER**
MARINA MARKETPLACE 1, LLC et al.,          )
                                           )
        Defendants.                       )
_____)

    This case arises out of the alleged breach of fiduciary duties of Plaintiff's brother: a co-beneficiary and co-trustee of family trusts. Pending before the Court is a Motion for Clerk's Default (ECF No. 93), a Motion to Stay (ECF No. 94), and a Motion to Dismiss (ECF No. 95).

## I.   FACTS AND PROCEDURAL HISTORY

    Plaintiff Peter Szanto and his brother Victor Szanto are beneficiaries and co-trustees of various Szanto family trusts (the "Trusts"). (*See* V. Am. Compl. ¶¶ 9, 15–16, Oct. 8, 2013, ECF No. 17). Defendants Marina Marketplace 1, LLC ("MM1") and Marina Marketplace 2, LLC ("MM2") are Nevada limited liability companies whose sole members are Victor and his wife Eyve. (*See id.* ¶¶ 10–11, 17–18). Victor and Eyve formed MM1 and MM2 ten days after Peter's and Victor's mother, Klara Szanto, passed away on December 2005. (*Id.* ¶¶ 19–19).[1] After Klara's death, Victor and Eyve overpowered the freewill of their father, Paul Szanto, in order to gain control of the Trusts.

---

[1] The Verified Amended Complaint lists two paragraphs numbered "19." (*See id.* 3:12–16).

1  (*Id.* ¶¶ 20, 31). Victor and Eyve used their control over the Trusts to purchase real property (the
2  "Real Property") in Nevada that now belongs to Defendants MM1 and MM2. (*Id.* ¶ 21). Plaintiff
3  alleges that the purchases of the Real Property were made via "fraudulent transfers" of assets from
4  the Trusts. (*See id.* ¶¶ 23, 32). Plaintiff also alleges that Victor breached his fiduciary duty as trustee
5  of the Trusts to obtain at least $3 million to purchase the Real property for the Defendants he
6  controls, and thus ultimately for his own benefit. (*Id.* ¶ 30). Plaintiff also alleges that Victor Szanto
7  "loot[ed]" Paul Szanto's personal property worth at least $4 million, which may now also belong to
8  Defendants MM1 or MM2. (*See id.* ¶¶ 33–33).[2]

9  The affidavit Plaintiff attaches to the Verified Amended Complaint ("VAC") helps to explain
10 the source of the present family feud. Plaintiff attests that before their mother Klara died, Victor
11 induced Plaintiff's son to sue Plaintiff in state court in California for the alleged failure to turn over
12 certain gifts made to Plaintiff's son by others during Plaintiff's son's childhood. (*See* Peter Szanto
13 Decl. ¶¶ 2–4, Oct. 6, 2013, ECF No. 17, at 13). Plaintiff prevailed in those actions, but in the
14 meantime Victor and Eyve allegedly overpowered Paul's freewill in order to abscond with the
15 Trusts' assets. (*See id.* ¶ 6). Plaintiff attests that Victor and Eyve conspired with one another to keep
16 the 86-year-old Paul "permanently drugged, confused and away from all means of communication
17 with anyone other than [themselves]." (*See id.* ¶ 8; V. Am. Compl. ¶ 30). Victor induced Paul to sign
18 a $3 million deed of trust. (*See* Peter Szanto Decl. ¶ 11).

19 Plaintiff sued Defendants MM1 and MM2 *in pro se* in this Court in diversity. The Clerk
20 entered default against both Defendants, and Plaintiff asked the Court to enter default judgment. The
21 Court denied the motion, because the Complaint as filed was not sufficient to support a claim. That
22 is, page three of the Complaint was missing, and it appeared that crucial allegations concerning the
23 alleged wrongdoing, i.e., fraudulent transfer, were contained on that page in missing paragraphs
24 numbers fourteen through eighteen. The Court ruled that Plaintiff must file an amended complaint
25 that included the relevant allegations and must attempt to serve that amended complaint upon
26 Defendants. Defendant Marina Marketplace 2, LLC then filed a Motion to Set Aside Clerk's Default

---

[2] The Verified Amended Complaint lists two paragraphs numbered "33." (*See id.* 7:2–10).

(ECF No 16), which the Court granted because Plaintiff did not timely respond and because the Complaint was insufficient to state a claim. The Court also ordered Plaintiff to show cause why the Complaint should not be dismissed for lack of subject matter jurisdiction because there was doubt as to complete diversity of the parties.

Plaintiff filed the VAC for fraudulent transfer, requesting the freeze of Defendants' assets, the appointment of a receiver for Defendants, the establishment of a constructive trust in Defendants' assets and eventual specific performance to transfer those assets to Plaintiff, as well as compensatory and punitive damages. MM2 moved to dismiss the VAC based on:(1) lack of subject matter jurisdiction, i.e., lack of complete diversity; (2) insufficient service of process; and (3) the statute of limitations. Plaintiff filed two motions to stay, as well as a motion to recuse. The Court denied all of those motions. As to the motion to dismiss, the Court found that a preponderance of the evidence available supported Plaintiff's assertion of complete diversity, that although Defendants had not yet been properly served, there remained time to serve them, and that the running of the statute of limitations was not evident on the face of the VAC and that the discovery doctrine could apply in the present case.

Plaintiff filed the Verified Second Amended Complaint ("VSAC"), adding Victor and Evye as Defendants. The magistrate judge later dismissed several pending motions, including Victor's Motion to Dismiss (ECF No. 52) based on insufficient service of process, because Plaintiff had no standing to maintain the case while in Chapter 7 bankruptcy. Plaintiff later obtained leave from the bankruptcy court to proceed here, upon which leave the parties filed several motions, including motions by Victor and Evye to dismiss for insufficient service of process. In response, Plaintiff asked the Court to declare that service on Victor and Evye was proper. The Court found that Victor and Evye had been properly served and therefore denied their motions to dismiss for insufficient service of process, but the Court did not enter declaratory judgment to that effect. Plaintiff has now asked the Court to enter default against MM1 and MM2 under Rule 55. Defendants Victor and Evye Szanto have jointly moved to dismiss for improper service as to them.

## II.  DISCUSSION

In the present motion for entry of default, Plaintiff alleges to have served MM1 and MM2

1  with the VSAC, and that MM1 and MM2 have failed to answer or otherwise defend for 120 days.  In
2  separate declarations, non-party Janos Vitencz attests to have handed copies of the Summons and
3  VSAC, *inter alia*, to a person named Brandy McLeod (phonetic) at Corporate Direct, Inc., 2248
4  Meridian Blvd. #H, Minden, NV 89423. (*See* Decls., Dec. 18, 2013, ECF Nos. 43, 46).  The public
5  records of the Nevada Secretary of State indicate that Corporate Direct, Inc. is in fact the registered
6  agent of MM2 (an active LLC) at that address.  There is no registered agent listed for MM1, because
7  it was dissolved on December 23, 2008.  Both the two-year statute of limitations and the three-year
8  statute of repose therefore lapsed as against MM1 well before the attempted service of the VSAC in
9  December 2013. *See* Nev. Rev. Stat. § 78.585.
10       Victor and Evye have also moved to dismiss for improper service.  The Court previously
11 found that Victor and Evye had been personally served with the Summons and VSAC within the
12 120-day time limit.  They allege in the motion that on the date of alleged service, they were both
13 outside of the United States and could not have been served as claimed in the affidavits of service.
14 The process server, Jared Phillips, attests to having personally served them at the Starbucks coffee
15 shop at 4000 S. Lake taho Blvd., South Lake Tahoe, CA on April 11, 2014. (*See* ECF Nos. 89, 90).
16 The only evidence attached is the affidavit of Attorney Rankl, who attests that in response to an
17 inquiry from Attorney Rankl concerning the alleged service, Szanto emailed him that he and Evye
18 were in India on that day and had not been served. (*See* Rankl Aff. ¶ 2, Apr. 30, 2014, ECF No. 95-
19 1).  He attests that they will return to the United States shortly and requests until May 12, 2014 to
20 supplement the present motion with their affidavits or other documents of proof.  The Court denies
21 the motion to dismiss—because there is currently no admissible evidence to rebut the Court's
22 previous findings, as the claim that Defendants were not served is hearsay.  No extension of time to
23 respond is necessary.  Defendants may renew their motion whenever they have any evidence they
24 wish to adduce.  In the meantime, the case will proceed.
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Enter Default (ECF No. 93) is GRANTED IN PART, and the Clerk shall ENTER DEFAULT against Marina Marketplace 2, LLC.

IT IS FURTHER ORDERED that Marina Marketplace 1, LLC is DISMISSED as a Defendant.

IT IS FURTHER ORDERED that the Motion to Stay (ECF No. 94), the Motion to Dismiss (ECF No. 95), and the Motion for Extension of Time (ECF No. 96) are DENIED.

IT IS SO ORDERED.

Dated this 28th day of May, 2014.

_____
ROBERT C. JONES
United States District Judge