James J. Rankl, Esq.
Nevada Bar No. 1156
300 West Second Street
Carson City, NV 89703
(775) 882-6450
(775) 883-1987 (fax)
Attorney for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PETER SZANTO,

            Plaintiff,

vs.

MARINA MARKETPLACE 1, LLC, et al.,

            Defendants.

Case #3:11-CV-00394-RCJ-(VPC)

ORDER

I.   Procedural History

On June 4, 2014, Defendants Victor Szanto and Evye Szanto ("Defendants") moved for dismissal of the second amended complaint pursuant to FRCP 12 upon the ground that Defendants were not personally served on April 11, 2014, as claimed by Plaintiff and therefore there was no personal jurisdiction. Defendants' motion was supported by their affidavits and other documents supporting their assertion that they were in New Delhi, India on April 11, 2014. In response Plaintiff offered the affidavits of personal service signed by Jared Phillips, a process server hired by Plaintiff and presented arguments that the affidavits and documents submitted by Defendants were false and/or forged. In light of the conflicting

evidence the Court issued a Minute Order setting an evidentiary hearing on the question of whether Defendants were personally served on April 11, 2014, at the Starbucks coffee shop located at 4000 S. Lake Tahoe Blvd., South Lake Tahoe, California, and further ordered the appearance of the parties at the evidentiary hearing.

On July 21, 2014, the Court held a lengthy evidentiary hearing on the issue of whether Defendants were personally served on April 11, 2014. At the hearing Defendants testified that they were not personally served on April 11, 2014, and on that date they were in New Delhi, India. In support of their testimony Defendants produced their passports and visas indicating their arrival in India on April 11, 2014, and return to the Unites States on April 30, 2014. Defendants also produced copies of airline tickets, hotel invoices and other documents to prove their presence in India on April 11, 2014.

Plaintiff offered no evidence of service on April 11, 2014, other than the previously filed affidavits of service. More importantly Plaintiff failed to produce the process server to testify regarding the alleged service. At the conclusion of the evidentiary hearing the Court found by a preponderance of the evidence that Defendants were not personally served on April 11, 2014 and were in fact in India. Based upon the evidence presented the Court concluded that Plaintiff's process server was mistaken about who he served if in fact he served anyone. The Court further concluded that the record demonstrated that Plaintiff had years to serve Victor and Evye Szanto, but failed to do so. On July 30, 2014, the Court issued its Order which in relevant part granted Defendants' Motion to Dismiss and dismissed

Defendants Victor and Evye Szanto as parties upon the ground that Plaintiff had failed to timely serve the Defendants.

On August 27, 2014, Plaintiff filed a Motion for Reconsideration (ECF No. 153) of the Court's Order Granting Defendants' Motion to Dismiss (ECF No. 137). In relevant part Plaintiff alleged that reconsideration was warranted because Plaintiff recently discovered that the subject service of Defendants did not occur on April 11 as previously alleged, but actually occurred on April 1. In support of the Motion for Reconsideration the process server attested that he actually served Defendants on April 1, 2014, but due to his sloppy handwriting in his original notes of service he mistakenly wrote April 11 on the affidavit of service instead of April 1. In the Motion for Reconsideration Plaintiff also argued that the Court's consideration of Defendants' passports was a substantial error or law, Plaintiff misunderstood the purpose of the evidentiary hearing, the Court misapplied FRCP 4(m) and that Defendants were personally served in court after the evidentiary hearing on July 17, 2014.

Defendants opposed Plaintiff's Motion for Reconsideration on several grounds. Most importantly Defendants submitted their affidavits and the affidavit of a third party who was traveling with them, attesting that they were not in South Lake Tahoe on April 1, 2014 as alleged by Plaintiff's process server but were actually 230 miles away in Red Bluff, California on that date.

For the reasons set forth in the Court's Order dated October 15, 2014 (ECF No. 162) the Court rejected Plaintiff's claims of judicial error and judicial bias raised in Plaintiff's Motion for Reconsideration. Additionally, the Court rejected Plaintiff's

claims that he was "surprised" about the purpose of the July 21, 2014 evidentiary hearing.

In light of the information provided in the process server's affidavit, and the affidavits submitted by Defendants disputing the fact of service the Court decided to give Plaintiff one final chance to demonstrate that Defendants were timely served. Accordingly the Court issued an Order (ECF No. 162) setting the time and date for an evidentiary hearing on whether Defendants were personally served on April 1, 2014. In that Order the Court specifically ordered that the parties and Plaintiff's process server, Mr. Phillips, attend the hearing.

The evidentiary hearing on whether Defendants were personally served on April 1, 2014, was held on November 17, 2014. Due to other matters on the Court's docket, the hearing scheduled for 10:00 AM began at 10:51 AM. In attendance at the hearing were Plaintiff, Defendants Victor and Evye Szanto, and Defendant's counsel. Plaintiff advised the Court that his process server, Mr. Phillips, was en route but had not yet arrived. The Court recessed at 11:00 AM to allow Mr. Phillips additional time to appear. At 11:24 AM the Court reconvened and Plaintiff informed the Court that Mr. Phillips had still not arrived, Plaintiff did not know Mr. Phillip's location and that Plaintiff had not been successful in reaching Mr. Phillips by telephone.

Counsel for Defendants noted for the record that Defendants and witness Austin Bell were present and prepared to testify in accordance with the affidavits submitted in support of their motion, that Defendants were not personally served on April 1, 2014, on April 1, 2014 Defendants were in Red Bluff, California and

Defendants were not present in South Lake Tahoe. Counsel also noted the presence of John Barlow, owner of the Tehama Auto Center, who was prepared to testify about the purchase of a ball and hitch by Victor Szanto on April 1, 2014, in Red Bluff, California.

II.   Findings

Plaintiff has failed to produce Mr. Phillips on two separate occasions to testify regarding the alleged personal service on Defendants. In the first instance Plaintiff's claim of surprise that Mr. Phillilps' testimony was necessary is simply not credible. Plaintiff had full knowledge of Defendants' assertion that they were in India on April 11, 2014, and the exhibits produced by Defendants prior to the hearing supported their assertion. With respect to the second evidentiary hearng on November 17, 2014, the Court decided to eliminate the possibility of surprise, confusion and/or doubt by specifically ordering Plaintiff to produce Mr. Phillips at the hearing. Notwithstanding the Court's order, Plaintiff failed to produce Mr. Phillips at the evidentiary hearing on November 17, 2014. At the time the Court concluded the hearing, Mr. Phillips was one and one-half hours late for the hearing and Plaintiff offered no credible explanation for his absence.

Other than the corrected affidavits of service signed by Mr. Phillips (ECF Nos. 147 and 148) and the Affidavit of Mr. Phillips filed in support of Plaintiff's Motion for Reconsideration (ECF No. 151) Plaintiff produced no other evidence in support of his new claim that Defendants were personally served on April 1, 2014. Additionally the Court notes that Plaintiff did not include in his Motion for Reconsideration any evidence to corroborate the alleged service on April 1, 2014. Most notably, the

5

"notes" that Mr. Phillips allegedly misread were not produced. Additionally, no evidence was presented to establish that Mr. Phillips was ever in South Lake Tahoe, California. Plaintiff has not provided a credible explanation of why he hired a process server from Glendale, California, to serve two individuals who reside in Glenbrook, Nevada, or how the process server managed to locate the Defendants in a Starbucks in South Lake Tahoe, California. The Court finds that Plaintiff and Mr. Phillips' claim of personal service on April 1, 2014 in a Starbucks at 4000 South Lake Tahoe Blvd., South Lake Tahoe, California, is not credible.

Mr. Phillips' claim that he misread his notes on service and read April 1 as April 11 is not credible. The original affidavits of service (ECF Nos. 89 and 90) were dated April 11, 2014. Assuming Mr. Phillips actually signed those affidavits on April 11, 2014, it is simply unbelievable that he did not realize that service actually occurred ten days earlier.

Defendants have presented credible evidence to the Court that on April 1, 2014, they were in Red Bluff, California and not present in South Lake Tahoe as claimed by Mr. Phillips. The evidence includes Defendant Victor Szanto's sworn statement and an invoice for the purchase of a trailer hitch and ball from the Tehama Auto Center in Red Bluff, California on April 1, 2014. Additionally, Defendants presented the Affidavit of Austin Bell which states that Mr. Bell accompanied Defendants on their trip to Red Bluff, California. In support of his statement Mr. Bell produced a credit card charge for a purchase he made at the Home Depot in Red Bluff, California on April 1, 2014.

Based upon all the above, the Court finds that Defendants have proved by a

preponderance of the evidence that they were not personally served on April 1, 2014, at South Lake Tahoe, California.

The Court also finds that Plaintiff has falsely represented to the Court that Defendants were timely served on at least two separate dates. The Court has held two evidentiary hearings to allow Plaintiff the opportunity to demonstrate that Defendants were personally served. Plaintiff failed to produce his process server at the first hearing and again at the second hearing despite the specific order requiring the process server's attendance. At each hearing Defendants demonstrated that the alleged service on April 11, 2014 and April 1, 2014 did not occur.

III.   Legal Conclusions

For the reasons stated above Plaintiff has failed to demonstrate grounds for reconsideration of, or relief from, the Court's prior order (ECF No. 137) granting Defendants' motion to dismiss for lack of personal jurisdiction due to the failure to effect service of process on Defendants Victor Szanto and Evye Szanto.

With respect to the Court's prior decision to not grant Plaintiff additional time for service of the complaint, Plaintiff has failed to provide any grounds to warrant reconsideration. The record demonstrates that the original complaint was filed June 3, 2011 and in separate minute orders issued July 18, 2012 and July 17, 2013, Plaintiff was warned that the case would be dismissed for want of prosecution. Plaintiff's second amended complaint was filed December 30, 2013. As of the date of the first evidentiary hearing on July 17, 2014, 214 days had passed since the filing of the second amended complaint.

Plaintiff's argument notwithstanding, the Court has not misconstrued FRCP 4. Strict compliance is required with the rules governing service. Strict compliance of service requirements is not excused by defendants actual notice of lawsuit, or that service was "close" to satisfying FRCP4 requirements. <u>Mid Continent Wood Products, Inc. v. Harris</u>, 936 F.2d 297, 301 (7th Cir. 1991). Strict compliance is required even for pro se plaintiffs. <u>Albra v. Advan, Inc.</u>, 490 F.3d 826, 829 (11th Cir. 2007); <u>see also</u> <u>Judith v. FCC</u>, 276 FRD 1 (D.D.C. 2011) (Although pro se litigants are allowed more latitude to correct defects in service they still must comply with the requirements for service of process).

This is not a case in which service was close to satisfying the requirements of FRCP 4 or simply a matter of correcting a defect in service. As discussed above Plaintiff has twice falsely represented to the Court that Defendants Victor and Evye Szanto were personally served. While Plaintiff did accomplish personal service on July 21, 2014, said service occurred 214 days after the filing of the second amended complaint. FRCP 4(m) mandates that if service is not accomplished within 120 days after filing the complaint the action must be dismissed.

Plaintiff was twice warned by the Court that his failure to timely prosecute this matter will result in dismissal of the action. The service on July 21, 2014 occurred more than three years after filing the original complaint, approximately 282 days after filing the first amended complaint and 214 days after filing the second amended complaint. Good cause does not exist to warrant granting Plaintiff additional time to effect service.

Finally, as set forth in the Court's prior Orders Plaintiff's second amended

complaint does not allege any wrongdoing by Marina Marketplace 2 ("MM2"). With the dismissal of Defendants Victor and Evye Szanto, Plaintiff cannot prove his claim of fraudulent transfer against MM2.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration (ECF No. 153) is denied.

IT IS FURTHER ORDERED that this action is dismissed as to all defendants with prejudice.

IT IS SO ORDERED.

Dated this 2nd day of January, 2015.

_____
Robert C. Jones
U.S. District Court Judge